VIVES, PETICIONARIO Y APELANTE, *v.* LA JUNTA DE FARMACIA, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en un recurso sobre *mandamus.*

No. 1504.—Resuelto en diciembre 21, 1916.

FARMACIA—JUNTA DE FARMACIA—ASPIRANTES A FARMACÉUTICOS—DERECHO DE PROPIEDAD—DIPLOMA DE ALTA ESCUELA—MATRÍCULAS.—Un aspirante a farmacéutico no llega a adquirir derecho de propiedad alguno a la licencia que le da autoridad para ejercer la profesión en esta Isla, por el hecho de haber sido examinado y aprobado por la Junta de Farmacia de todas las materias exigidas por la ley, cuando al tiempo en que fué matriculado no poseía diploma o documento creditivo de haber aprobado las asignaturas del curso científico y literario de una alta escuela o de alguna institución igual o análoga de los Estados Unidos o del extranjero que de igual modo exige la ley. La junta en cualquier momento antes de expedir el certificado, puede corregir sus propios yerros e inspirar su resolución última en el estricto cumplimiento de la ley. Véase *Monclova* v. *La Junta de Farmacia,* 24 D. P. R. 49.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Rafael López Antongiorgi y Rafael Guillermety.*

Abogados de la apelada: *Sres. Howard L. Kern, Attorney General,* y *Earle T. Fiddler, Oficial Jurídico.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El presente es un caso de *mandamus,* en grado de apelación. Jaime Vives, ciudadano de Puerto Rico y vecino de San Juan, archivó una solicitud en la corte de distrito alegando que allá por el mes de septiembre de 1913 terminó por completo sus estudios en la carrera de farmacia y fué aprobado por la junta demandada en todos los cursos exigidos por la ley; que en enero de 1915 fué requerido oficialmente por medio de escrito firmado por el presidente de la junta para que recogiera su licencia, y que luego, cuando en febrero de 1916 se presentó a recogerla, la junta se negó a entregársela privando así al peticionario de un derecho de propiedad adquirido al amparo de la ley.

La junta demandada contestó la solicitud admitiendo que el peticionario se examinó y fué aprobado y también requerido para que pasara a recoger su licencia, y que si luego se negó a entregarla, se debió a que el peticionario al tiempo en que emprendió sus estudios de farmacia, ni en ningún tiempo después, había pasado con éxito un examen abarcando el curso de las materias científicas y literarias de una alta escuela de la Isla o de alguna institución similar de los Estados Unidos o del extranjero. El peticionario admitió que no tenía tales requisitos previos, pero sostuvo que eso no obstante, habiendo sido examinado y aprobado por la junta y por ella requerido en la forma indicada, llegó a adquirir el derecho a obtener su licencia, del cual la junta no pudo privarle sin violar la ley.

La corte de distrito desestimó la solicitud y el peticionario apeló para ante este Tribunal Supremo en donde el caso fué ampliamente discutido.

La cuestión no es nueva. Esta corte en el caso de *Monclova* v. *La Junta de Farmacia,* 24 D. P. R. 46, hizo un estudio cuidadoso de la ley y estableció la siguiente doctrina:

"La Ley de 8 de marzo de 1906 autorizando la organización de una Junta de Farmacia, según fué enmendada por Ley No. 42 de 10 de marzo de 1910, exige en su sección 7ª. que todo aspirante al título de farmacéutico presente, para poder ser matriculado como requisito previo, diploma o documento creditivo de haber aprobado las asignaturas del curso científico o literario de una alta escuela de la Isla o de una acreditada institución igual o análoga, ya de los Estados Unidos, ya del extranjero, a satisfacción de la junta.

"Procede *ultra vires* la Junta de Farmacia que admite a examen a un aspirante sin haber éste presentado el diploma o documento expresado en la sección 7 de la ley, y procede correctamente cuando se niega a calificar los exámenes sufridos por un peticionario que no ha llenado aquel requisito, aun cuando haya pagado los derechos de matrícula.

"La intención del legislador fué exigir que los aspirantes al título de farmacia tuviesen ciertos conocimientos antes de comenzar los estudios que acuerda la sección 6ª. de la ley, cuyos conocimientos deben adquirirse previamente y no simultáneamente con los de dicha sección, por lo que no pueden admitirse matrículas condicionales."

Basta aplicar la anterior jurisprudencia a los hechos de este caso, para concluir sin esfuerzo alguno que debe confirmarse la sentencia apelada.

El demandante no llegó a adquirir derecho de propiedad alguno a la licencia, porque jamás cumplió con todos los requisitos exigidos por la ley. Y la junta pudo en cualquier momento antes de expedir el certificado corregir sus propios yerros e inspirar su resolución última en el estricto cumplimiento de la ley. Como dijo la ilustrada corte sentenciadora "la actitud adoptada por dicha junta en el día de hoy, no está en armonía con la actitud adoptada en el día de ayer. Ignoramos si existe alguna razón que justifique esta rectificación en los procedimientos; pero el hecho de que la parte demandada haya cometido antes de ahora determinadas irregularidades en abierta oposición con los preceptos de ley, no puede obligar a los tribunales de justicia a admitir y sancionar estas irregularidades, precisamente en los momentos en que la Junta de Farmacia, volviendo sobre sus pasos, quiere subsanar el error y hacer respetar las disposiciones del esta-

tuto.    No es posible en casos de esta naturaleza, en que el interés público aparece seriamente afectado, aplicar el precepto legal de que nadie puede ir contra sus propios actos. Este principio de derecho puede aplicarse siempre en las relaciones civiles de unos ciudadanos para con otros; pero nunca en las relaciones del ciudadano para con el Estado, cuando hay de por medio una cuestión de interés público que se interpone como barrera, en defensa de los derechos de la colectividad.    Todo ciudadano tiene el derecho de conocer la ley, y la Junta de Farmacia, así como los alumnos que aspiren a matricularse, no pueden invocar en favor suyo la ignorancia de la ley que regula y prescribe los requisitos que deben cumplirse previamente para que pueda obtenerse la matrícula.    El peticionario adopta en este caso la posición de una víctima, según se desprende de sus alegatos, a quien la Junta de Farmacia niega hoy un derecho de propiedad sin razones justificadas.    Nosotros entendemos que si se cometió una irregularidad al admitir a examen al peticionario, en esta irregularidad tuvo tanta participación la Junta de Farmacia como el demandante Jaime Vives.    Pretende éste invocar las reglas de equidad, olvidando la máxima de que el que se presenta ante una corte acogiéndose a estos principios, debe traer las manos completamente limpias.    ¿Las trae el peticionario?    Pues entonces, el presente litigio no tiene razón de ser, desde el momento en que la parte demandada se aviene a expedirle el correspondiente título de farmacéutico, cuando presente prueba satisfactoria de que ha terminado con éxito favorable los cursos de alta escuela exigidos por la ley, y que fué debida y legalmente matriculado.''

Debe declararse no haber lugar al recurso y confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.